FILED

JAN 08 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONYA Y. JORE f/k/a TONYA Y. AZURE, and LAKE COUNTY, a political subdivision of the State of Montana,<br><br>Defendants. | CV 17-135-M-DWM<br><br><br>JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE |
|---|---|

This matter having been brought before the Court by Plaintiff, United States of America, by and through its attorney, Keith A. Jones, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

1

## FINDINGS OF FACT

1. This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is subject to this foreclosure action is located in Lake County, and more particularly described as follows:

> A portion of the S½NE¼ of Section 22, Township 18 North, Range 20 West, P.M.M., Lake County, Montana. Further identified as being Tract 1 on Certificate of Survey No. 5351, on file and of record in the office of the Clerk and Recorder of Lake County.

2. The United States loaned Tonya Y. Jore f/k/a Tonya Y. Azure the sum of $66,280.00 in the form of a Section 502 Rural Housing loan. This loan is evidence by a promissory note for $66,280.00, dated August 19, 1997. In addition, Tonya Y. Jore f/k/a Tonya Y. Azure, executed a second promissory note on October 24, 1997, in the amount of $7,500.00. True and correct copies of the promissory notes are attached to the Complaint as Exhibit A and B.

3. As security for the above-described loans Tonya Y. Jore f/k/a Tonya Y. Azure executed a real estate mortgage on October 24, 1997, providing the United States a security interest in the real property described above. The mortgage was filed for record with the Clerk and Recorder of Lake County on October 24, 1997, as document number 385619. Additionally, Rural Housing Service holds a prior mortgage, which is still of record (recorded August 19, 1997), which mortgage was executed by Tonya Y. Jore f/k/a Tonya Y. Azure. True and

correct copies of the mortgages are attached to the Complaint as Exhibit C and Exhibit D.

4. Defendant, Tonya Y. Jore f/k/a Tonya Y. Azure, is in default under the terms of the promissory notes described above due to failure to make timely payments of principal and interest as agreed. The account was accelerated on April 10, 2008.

5. Defendant, Tonya Y. Jore f/k/a Tonya Y. Azure, is indebted to the Plaintiff for the loans outlined above in the principal amount of $42,472.47, plus interest computed at the daily rate of $8.861 per day for the accrued total amount of $4,572.43, plus fees in the amount of $2,281.46 ($71.75 late charges, fees currently assessed $2,138.41 and required fees of $71.30), for a combined total of $49,326.36 as of August 14, 2017. In addition, if the value of the real property exceeds the principal and accrued interest ($49,326.36), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated August 19, 1997, attached to the Complaint as Exhibit E. The interest subject to recapture will be $11,555.02, making a total of $60,881.38 due and owing. Interest continues to accrue from August 14, 2017, at the rate of $8.861 per day until the date of entry of judgment. A true and correct copy of the Affidavit of Kimberly Maines of Rural Housing Service is attached to the

Complaint as Exhibit F, which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

6. Defendant, Lake County, has or may have an interest in the property by virtue of real property taxes that may be due and owing. The principal amount of such takes priority over the United States.

7. Defendant Tonya Y. Jore f/k/a Tonya Y. Azure was personally served by the Lake County Sheriff's office with a copy of the Summons and Complaint. (Dkt. 7.) Defendant Tonya Y. Jore f/k/a Tonya Y. Azure, did not make an appearance. Her Default was entered on December 8, 2017. (Dkt. 10.)

8. Steven N. Eschenbacher, Lake County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on October 5, 2017. (Dkt. 4.) On October 5, 2017, Defendant Lake County, filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is subject of the foreclosure to the date of sale. (Dkt. 5.)

## CONCLUSIONS OF LAW

9. Lake County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

10. Plaintiff, United States of America, is entitled to foreclosure judgment against Defendant, Tonya Y. Jore f/k/a Tonya Y. Azure in the principal amount of $42,472.47, plus interest computed at the daily rate of $8.861 for the accrued total amount of $4,572.43 as of August 14, 2017, plus fees in the amount of $2,281.46 ($71.75 late charges, fees currently assessed $2,138.41 and required fees of $71.30), for a combined total of $49,326.36 as of August 14, 2017. In addition, if the value of the real property exceeds the principal and accrued interest ($49,326.36), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated August 19, 1997. The interest subject to recapture will be $11,555.02, making a total of $60,881.38 due and owing as of August 14, 2017. Interest continues to accrue from August 14, 2017, at the rate of $8.861 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

11. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the forgoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, the United States of America, have judgment against Defendant Tonya Y. Jore f/k/a Tonya Y. Azure, in the principal amount of

$42,472.47, plus interest computed at the daily rate of $8.861 for the accrued total amount of $4,572.43 as of August 14, 2017, plus fees in the amount of $2,281.46 ($71.75 late charges, fees currently assessed $2,138.41 and required fees of $71.30), for a combined total of $49,326.36 as of August 14, 2017. In addition, if the value of the real property exceeds the principal and accrued interest ($49,326.36), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated August 19, 1997. The interest subject to recapture will be $11,555.02, making a total of $60,881.38 due and owing as of August 14, 2017. Interest continues to accrue from August 14, 2017, at the rate of $8.861 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and all of the material allegation contained in Plaintiff's Amended Complaint are true and correct.

3. The real property described hereafter, together will all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court with Counsel for Plaintiff to prepare a Notice of Sale and to file the Affidavit of Publication with the Petition for Confirmation of U.S. Marshal's Sale. The real property is located in Lake County, Montana, and described as follows:

A portion of the S½NE¼ of Section 22, Township 18 North, Range 20 West, P.M.M., Lake County, Montana. Further identified as being Tract 1 on Certificate of Survey No. 5351, on file and of record in the office of the Clerk and Recorder of Lake County.

Common Address: 31159 Hwy 93, Saint Ignatius, Montana.

4. The real property be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825.

5. The real property be sold in one unit.

6. If Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser be entitled to a deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

8. In the event Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the U.S. Marshal to deliver possession of the premises to Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the

sale and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A.    To Lake County, Montana, to satisfy the principal amount of any assessed taxes, to date of sale.

    B.    To Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

    C.    Any overplus remaining after the payments to Lake County and Plaintiff shall be paid by the U.S. Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10.    That if the monies from the sale are insufficient to pay the amounts due to Plaintiff, the expenses of sale, and the costs, Plaintiff have a deficiency judgment against Tonya Y. Jore f/k/a Tonya Y. Azure.

11.    The Defendants, and any and all persons claiming under them, and all persons having lien subsequent and inferior to the lien of Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

12. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to Plaintiff.

DATED this 8th day of January, 2018.

/s/ Donald W. Molloy
DONALD W. MOLLOY
United States District Court Judge